# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **JOBY BRATCHER,**<br><br>Plaintiff,<br><br>v.<br><br>**CHEVRON CORPORATION et al.,**<br><br>Defendants. | **MEMORANDUM DECISION**<br><br>**Case No. 1:14-cv-00055-TS-PMW**<br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

Before the court is defendants Chevron Corporation and Chevron U.S.A. Inc.'s ("Defendants") motion to compel production of documents by Plaintiff Joby Bratcher ("Plaintiff").[1]

The underlying action involves allegations by Plaintiff of employment discrimination based on race and alleged retaliation. Plaintiff alleges that Defendants retaliated against him because he filed a charge of discrimination against non-party Holmes & Holmes ("H&H") and intervened in a separate lawsuit against H&H brought by the EEOC. Defendants seek to compel production of documents relating to the lawsuit against H&H. Plaintiff objects that the documents sought are not relevant and overbroad and that producing them would be unduly burdensome. The court disagrees.

Rule 26(b)(1) states:

> The scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense and*

---

[1] Docket no. 31.

> *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, *the parties' relative access to relevant information*, the parties' resources, the importance of the discovery in resolving the issues, and *whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.*

Fed. R. Civ. P. 26(b)(1) (emphasis added).

The documents sought by Defendants clearly appear "relevant to [a] party's claim or defense and proportional to the needs of the case" under the liberal discovery standards. Fed. R. Civ. P. 26(b)(1).

Plaintiff also objects that production of the documents is unduly burdensome. A party's response to a request for production of documents "must . . . state with specificity the grounds for objecting to the request." Fed. R. Civ. P. 34(b)(2). Plaintiff concedes that it did not raise the undue burden objection in its responses. Rather, Plaintiff's counsel contends that they *implied* the objection during meet and confer efforts:

> Chevron claims that Mr. Bratcher did not object to the document production on the basis of undue burden. . . . While that may be strictly true in that he did not make that specific objection to the request, it was clear in the parties' conciliation discussions that this was part of Mr. Bratcher's concerns with the overly broad request.[2]

Failure to object timely waives the objection. Even if Plaintiff had raised the objection timely, the court would not have found undue burden on the facts before it. Indeed, the request appear proportional to the needs of the case. Plaintiff does not provide any specific information that would permit the court to assess the burden of production.

---

[2] Docket no. 32 at 7.

Accordingly, Defendants' motion to compel production of the H&H lawsuit documents is **GRANTED**. Plaintiff is ordered to produce responsive, non-privileged documents within fourteen (14) days of the date of this order. Plaintiff is not required to produce documents which are available to Defendants through PACER or other publicly-available sources. To the extent Plaintiff reasonably believes that documents are confidential, Plaintiff may produce the documents subject to the District of Utah's standard protective order. *See* DUCivR 26-2(a)(1).

Rule 37 provides for the imposition of sanctions on the non-moving party when a motion to compel is granted. Fed. R. Civ. P. 37(a). However, the court declines to impose sanctions at this time.

Going forward, the parties are **ORDERED** to follow the District of Utah Short Form Discovery Motion Procedure for any discovery disputes in this matter.[3]

DATED this 8th day of June, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[3] *See* http://www.utd.uscourts.gov/documents/ShortFormDiscoveryMotion.pdf.